IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| N.A., A MINOR, BY HIS PARENTS,<br>D.A. AND L.A.,<br>I.T., A MINOR, BY HIS PARENTS,<br>C.T. AND J.T.,<br>ON THEIR OWN BEHALF, AND ALL<br>OTHERS SIMILARLY SITUATED<br><br>        Plaintiffs,<br><br>    v.<br><br>GATEWAY SCHOOL DISTRICT,<br><br>        Defendant. | 10cv01366<br>**ELECTRONICALLY<br>FILED** |

# **MEMORANDUM OPINION**

## **I.    Introduction**

Acting on behalf on their autistic children and other similarly situated children, Plaintiffs allege that Gateway School District ("School District") violated the Individuals with Disabilities in Education Improvement Act ("IDEIA"), 20 U.S.C. §§ 1400-1487, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. Plaintiffs' Amended Complaint asserts that the School District denied their children "free appropriate public education" ("FAPE") as guaranteed by the Act by failing to provide special education services and misrepresenting the students'

1

educational progress.  Doc. No. 18, ¶¶ 3-4.  Plaintiffs seek injunctive, declaratory and equitable relief to remedy these alleged violations of federal law.  Doc. No. 18, ¶ 2.  The School District now moves to dismiss Plaintiffs' Amended Complaint, asserting, *inter alia*, that this Court lacks subject matter jurisdiction because Plaintiffs have not exhausted their administrative remedies under the IDEIA.  The Court agrees with Defendant and finds that because Plaintiffs failed to exhaust their administrative remedies, it lacks jurisdiction to hear this case.

**II.     Standard of Review**

*A. Rule 12(b)(1)*

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the court's "very power to hear the case."  *See Judkins v. HT Window Fashions Corp.*, 514 F. Supp. 2d 753, 759 (W.D. Pa. 2007) (quoting Mortenson v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)).  As the party asserting jurisdiction, the plaintiff "bears the burden of showing that its claims are properly before the district court."  *Dev. Fin. Corp. v. Alpha Housing & Health Care*, 54 F.3d 156, 158 (3d Cir. 1995).  In reviewing a motion to dismiss pursuant to Rule 12(b)(1), the Court must distinguish between facial attacks and factual attacks.  *See Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006).

A facial attack challenges the sufficiency of the pleadings, and the court must accept the plaintiff's allegations as true. *Id.* A defendant who attacks a complaint on its face "[asserts] that considering the allegations of the complaint as true, and drawing all reasonable inferences in favor of [plaintiff], the allegations of the complaint are insufficient to establish a federal cause of action." *Mullen v. Thompson*, 155 F. Supp. 2d 448, 451 (W.D. Pa. 2001). Dismissal is proper under Rule 12(b)(1) only when "the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial and frivolous." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991) (quoting *Bell v. Hood*, 327 U.S. 678, 682 (1946)).

When, as in this case, a defendant launches a factual attack on subject matter jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Petruska*, 462 F.3d at 302 (quoting *Mortenson*, 549 F.2d at 891). In a factual attack, the court must weigh the evidence relating to jurisdiction, with discretion to allow affidavits, documents, and even limited evidentiary hearings. *See United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007).

B. *Exhaustion Requirement Under IDEIA*

It is a "'long-settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'" *PennMont Securities v. Frucher*, 586 F.3d 242, 245 (3d Cir. 2009) (quoting *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50-51 (1938)). The IDEIA provides for impartial administrative due process hearings to resolve disputes between parents and schools regarding the special education services schools must offer under the Act. *See* 20 U.S.C. § 1415(f). In Pennsylvania, a hearing officer first conducts an initial hearing, and the parties may subsequently appeal the officer's findings to the Pennsylvania Special Education Due Process Appeals Review Panel. *See Blunt v. Lower Merion Sch. Dist.*, 559 F. Supp. 2d 548, 557 (E.D. Pa. 2008) (describing Pennsylvania's two-level review process); *R.F. & J.F* ex. rel. *N.F v. Warwick Sch. Dist.*, No. 06-257, 2006 WL 3814555, at *1 (E.D. Pa. Dec. 21, 2006) (same). The IDEIA gives parties aggrieved by a state administrative appeal the right to seek review of such determination in federal court. *See* 20 U.S.C. § 1415(i)(2).

According to the United States Court of Appeals for the Third Circuit, federal courts generally may not hear IDEIA claims unless a party has exhausted all administrative remedies. *See Komninos* ex. rel. *Komninos* v. *Upper Saddle River Bd. of Educ.*, 13 F.3d 775, 778 (3d Cir. 1994). A primary purpose of

requiring administrative exhaustion prior to filing a civil suit in the IDEIA context is to "develop the factual record and resolve evidentiary disputes concerning, for example, evaluation, classification, and placement." *W.B. v. Matula*, 67 F.3d 484, 496 (3d Cir. 1995); *see also Grieco v. N.J. Dept. of Educ.*, No. 06-4077, 2007 WL 1876498 (D.N.J. June 27, 2007) (noting "ordinary rule" that education cases are "best resolved with the benefit of agency expertise and a fully developed administrative record") (citation and internal quotations omitted). In addition, use of the administrative process supports "Congress' view that the needs of handicapped children are best accommodated by having the parents and the local education agency work together to formulate an individualized plan for each handicapped child's education." *Komninos*, 13 F.3d at 778 (3d Cir. 1994) (citation and internal quotations omitted).

The Court of Appeals in *Komninos* noted a limited exception to this exhaustion requirement: "'[p]arents may bypass the administrative process where exhaustion would be futile or inadequate.'" *Id*. (quoting *Honig v. Doe*, 484 U.S. 305, 327 (1988)). Parents seeking to bypass exhaustion bear the burden of proving that exhaustion would be inadequate or futile. *See M.M. v. Tredyffrin/Easttown Sch. Dist.*, No. 06-1966, 2006 WL 2561242, at *6 (E.D. Pa. Sept. 1, 2006) (citing *Honig*, 484 U.S. at 326).

### III. Discussion

*A. Plaintiffs' IDEIA Claims*

In their Amended Complaint, Plaintiffs give no indication that they have exhausted their administrative remedies.[1] Moreover, they fail to demonstrate that exhaustion would be inadequate or futile. Plaintiffs rely on *W.B. v. Matula*, 67 F.3d 484, to support the proposition that they can bring IDEIA claims before this Court without exhausting their administrative remedies. Doc. No. 24, at 4. Yet the Court of Appeals for the Third Circuit found in *Matula* that exhaustion was futile because the plaintiff was seeking money damages as a remedy under the IDEIA, and money damages were not available as an administrative remedy. *See Matula*, 67 F.3d at 496. In the case at bar, Plaintiffs do not seek monetary damages; rather, they seek injunctive, declaratory and equitable relief that is available from an administrative hearing.

Given their requests for relief,[2] and as a matter of practicality, it would be most prudent for the parents and students to attempt a resolution of their disputes

---

[1] Defendants note that Plaintiff N.A. sought an administrative due process hearing on March 16, 2010. Doc. No. 9, at 2 n.2  When N.A. filed the instant federal Complaint in October 2010, he sought to stay the administrative proceeding, but "[t]he hearing officer denied the motion to continue and based upon parents' Motion that they did not intend to proceed with their administrative claim, dismissed the [administrative] Complaint." *Id*.

[2] Plaintiffs seek, in addition to class certification, that this Court direct the School District to provide accurate progress monitoring data; to retrain its personnel on progress monitoring and data collection; to provide appropriate special education services sufficient to address the needs of autistic children; to reconvene IEP teams for current plaintiffs to consider whether IEP

through the administrative process.  As rehearsed, the administrative process supports "Congress' view that the needs of handicapped children are best accommodated by having the parents and the local education agency work together to formulate an individualized plan for each handicapped child's education." *Komninos*, 13 F.3d at 778 (3d Cir. 1994) (citation and internal quotations omitted). The Court does not find that an attempt to resolve these issues at the agency level would be futile or inadequate: on the contrary, the Court finds that the administrative process could actually resolve all of plaintiffs' concerns (as noted in fn. 2 below).

Plaintiffs also cite a number of cases to demonstrate that exhaustion is not necessary where there is an allegation of "systemic legal deficiencies" in a school district's special education program and the plaintiff requests "system-wide relief" that cannot be provided through the administrative process.  Doc. No. 24, at 4.  Yet the cases Plaintiffs cite assert systemic deficiencies at the state level, not the school district level.  *See Beth V.* ex. rel. *Yvonne V. v. Carroll*, 87 F.3d 80, 88 (3d Cir. 1996) (challenge to "sufficiency of the state's complaint procedures itself"); *N.J. Prot. & Advocacy, Inc. v. N.J. Dept. of Educ.*, 563 F. Supp. 2d 474, 486 (D.N.J. 2008) (plaintiffs sought "restructuring, by judicial order, of the mechanism that the

---

modifications are necessary; to provide IEP's at public expense, and to provide full days of compensatory education.  See Amended Complaint, Doc. No. 18 at 11-12.

state has in place to meet the needs of students with special educational problems"); *Gaskin v. Pennsylvania*, 1995 WL 154801, at *1 (E.D. Pa. 1995) (suit challenging the "Commonwealth of Pennsylvania's system for educating students with disabilities").

The allegations in Plaintiffs' Complaint are similar to the allegations set forth by the plaintiffs in *Blunt v. Lower Merion School Dist.*, 559 F.Supp.2d 548, 559 (E.D. Pa. 2008). In *Blunt*, the United States District Court for the Eastern District of Pennsylvania found that "the overwhelming focus of plaintiffs' Amended Complaint against the School District defendants is on the individualized circumstances of the named students and the School District defendants' failure to provide these students with the FAPE to which they are entitled." *Id*. The Court in *Blunt* dismissed the claims of those plaintiffs who had not exhausted their administrative remedies, noting, "[p]laintiffs cannot overcome the clear emphasis on the claims of the individual students by including conclusory allegations of some systemic deficiencies." *Id*.

Finally, Plaintiffs also suggest, without any applicable case law to support their position, that they need not exhaust their administrative remedies because they seek relief on behalf of a class. Doc. No. 24, at 4. The Court notes that the United States District Court for the Eastern District of Pennsylvania has stated in *dicta* that the legislative history of the IDEIA's precursor statute "suggests that the

exhaustion requirement applies differently to class actions than to suits brought by individuals, in that each class member need not exhaust before a suit is brought." *Gaskin*, 1995 WL 154801, at *5 n.6. Yet in *Gaskin*, the Court emphasized that the named plaintiff had exhausted her administrative remedies. In the case at bar, on the other hand, the named plaintiffs have not exhausted their administrative remedies.

Plaintiffs thus have failed to meet their burden to prove that this Court has subject matter jurisdiction to entertain their IDEIA claims. *See Alpha Housing*, 54 F.3d at 158. The Court will dismiss their IDEIA claims without prejudice for failure to exhaust administrative remedies.

## B. Section 504 Claim

Plaintiffs also allege that Defendant violated Section 504 of the Rehabilitation Act of 1973 by discriminating against their children based on disability. Doc. No. 18, ¶¶ 54-55. This Section 504 discrimination claim requires administrative exhaustion if it seeks relief that is also available under the IDEIA. *See* 20 U.S.C. § 1415(l). Plaintiff's discrimination claim centers on the denial of FAPE that resulted from Defendant's alleged discrimination. Doc. No. 18, ¶¶ 54-55 (alleging discrimination due to Defendant's "failure to provide appropriate progress monitoring and academic reporting" and "failure to provide necessary special education and related services"). As such, Plaintiffs could have sought

relief under the IDEIA. *See Tredyffrin*, 2006 WL 2561242, at *10 ("These allegations make it apparent that the Section 504 claim requires administrative exhaustion because they emphasize the educational impact of the discrimination and allege denial of a FAPE.").

Plaintiffs thus have failed to meet their burden to prove that this Court has subject matter jurisdiction to entertain their Section 504 claim. *See Alpha Housing*, 54 F.3d at 158. The Court will dismiss their Section 504 claim without prejudice for failure to exhaust administrative remedies.

### IV. Conclusion

For the reasons discussed above, the Defendant's motion to dismiss will be **GRANTED.** An appropriate Order follows.

s/Arthur J. Schwab<br>
Arthur J. Schwab<br>
United States District Judge

cc: All Registered ECF Counsel and Parties